UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JOHNSON, III,
    Plaintiff,

vs

FAISAL AHMED, et al.,
    Defendants.

Case No. 1:13-cv-921

Black, J.
Litkovitz, M.J.

ORDER AND REPORT
AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Dr. Faisal Ahmed, Anthony Cadogan, Rosie Clagg, Mona Parks, Dr. John Desmarais, Linnea Mahlman, John Kasich, Gary C. Mohr, and Gary Croft. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is now before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

In the complaint, plaintiff indicates that he was diagnosed with Hepatitis C in February of

2

2012. (Doc. 1, Complaint p. 5). Plaintiff further indicates that under the care of defendant Dr. Ahmed, plaintiff submitted a biopsy to determine his course of treatment. *Id.* Plaintiff alleges that Dr. Ahmed told him to wait six months to get the results of the biopsy. Plaintiff further alleges that after a year with no results, Dr. Ahmed said he did not remember anything about the biopsy and kicked plaintiff out of his office after plaintiff tried to remind him. *Id.*

Plaintiff next contacted defendant Rosie Clagg, a health care administrator who allegedly stated that the biopsy result was in his medical file and that she would talk to Dr. Ahmed. *Id.* at 6. Plaintiff claims that as of September 9, 2013, he had not heard anything regarding the biopsy or received treatment so he wrote Clagg's boss, defendant Deputy Warden Anthony Cadogan. According to the complaint, Cadogan instructed Clagg to respond to plaintiff. *Id.* at 7. Plaintiff also indicates that he filed a grievance with defendant Inspector Linnea Mahlman, an appeal to defendants Chief Inspector Gary Croft and Assistant Chief Inspector Mona Parks, and addressed complaints to defendants Medical Service Administrator Dr. John Desmarais and Director Gary Mohr. Plaintiff claims that he has received no treatment other than aspirin for his abdominal pain. He claims that as a result, his condition has worsened "and spread infection throughout my liver and cause[d] unbearable pain." *Id.* at 8.

Plaintiff further contends that defendant "John Kasich has conspired to attempt to privatize prisons and medical with his newly appointed Director Gary Mohr to reduce cost for state budget. Gary C. Mohr and Dr. John Desmarais are involved in the scheme statewide to reduce cost for John Kasich's state budget." *Id.* On this basis, plaintiff claims that all defendants are in a conspiracy to deny him medical care.

For relief, plaintiff seeks monetary, injunctive and declaratory relief. *Id.* at 6.

Liberally construed, plaintiff's complaint states an Eighth Amendment claim of deliberate indifference to his serious medical needs against defendants Dr. Faisal Ahmed, Rosie Clagg, Mona Parks, Anthony Cadogan, Dr. John Desmarais, Linnea Mahlman, and Gary Croft. *See Farmer v. Brennan,* 511 U.S. 825 (1994). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's remaining claims must be dismissed. First, plaintiff's conspiracy claims against all defendants must be dismissed. Conspiracy claims "must be pled with some specificity: vague and conclusory allegations that are unsupported by material facts are not sufficient to state a § 1983 claim." *Farhat v. Jopke,* 370 F.3d 580, 599 (6th Cir. 2004). Plaintiff has alleged no facts in support of his conspiracy claim from which the Court can reasonably infer that these defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Therefore, plaintiff's conspiracy claims against defendants should be dismissed.

In addition, plaintiff's deliberate indifference claims against defendants Gary C. Mohr and John Kasich should be dismissed. With regard to defendant Mohr, plaintiff's claims must be dismissed because plaintiff seeks to hold this defendant liable based on his supervisory position. *Respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *Iqbal,* 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere

4

failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendant Mohr is the director of the Ohio Department of Rehabilitation and Correction is not enough to impose liability on him under 1983. Finally, plaintiff has not alleged any fact that would enable the Court to reasonably infer that defendant Governor Kasich was deliberately indifferent to plaintiff's medical needs. Therefore, plaintiff's section 1983 claims against defendants Mohr and Kasich should be dismissed.[1]

Accordingly, in sum, plaintiff's claims against defendants Gary C. Mohr and John Kasich should be dismissed in their entirety. Plaintiff's Eighth Amendment claims may proceed against defendants Dr. Faisal Ahmed, Rosie Clagg, Mona Parks, Anthony Cadogan, Dr. John Desmarais, Linnea Mahlman, and Gary Croft.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Gary C. Mohr and John Kasich be **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

---

[1] The undersigned also notes that to the extent that plaintiff bases his deliberate indifference claim on his being charged two dollars for aspirin (*See* Doc. 1, Complaint p. 8), this claim should also be dismissed. "[A]lthough a prison is required to provide its inmates with adequate medical care, this care does not necessarily have to be free of charge." *Hunt v. Mohr*, No. 2:11-cv-653, 2011 WL 4467764, at *5 (S.D. Ohio Sept. 26, 2011) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-75 (3rd Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'")); *see also Washington v. Sommerville*, No. 98-5515, 1999 WL 253652, at *2 (6th Cir. April, 23, 1999) ("Charging inmates who can pay for medical care does not constitute deliberate indifference or violate due process."). "Co-pay policies are constitutionally permissible if they do not interfere with timely and effective treatment of serious medical needs." *Miller v. Blackwelder*, No. 4:07-cv-009, 2008 WL 2940534, at *6 (E.D. Tenn. July 24, 2008) (collecting cases).

IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of plaintiff's complaint (Doc. 1), summons, the separate Order granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Dr. Faisal Ahmed, Rosie Clagg, Mona Parks, Anthony Cadogan, Dr. John Desmarais, Linnea Mahlman, and Gary Croft as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 1/13/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JOHNSON, III,
    Plaintiff,

vs

FAISAL AHMED, et al.,
    Defendants.

Case No. 1:13-cv-921

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).