UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JOHNSON, III,                       Case No. 1:13-cv-921
      Plaintiff,                                Black, J.
                                        Litkovitz, M.J.

vs.

FAISAL AHMED, et al.,                  REPORT AND
      Defendants.                       RECOMMENDATION

Plaintiff James Johnson, III, proceeding pro se, filed the civil rights complaint in this action on January 15, 2014, while incarcerated at the Southern Ohio Correctional Facility (SOCF). (Doc. 3). On July 11, 2014, the action was dismissed as to all defendants with the exception of Rosie Clagg and Faisal Ahmed. (Docs. 21, 22). On April 20, 2015, defendants Clagg and Faisal filed a motion to dismiss the action for lack of prosecution. (Doc. 27). Plaintiff was notified that his failure to file a memorandum in response to the motion might warrant dismissal of this case for failure to prosecute under Fed. R. Civ. P. 41(b). (Doc. 28). On April 30, 2015, the notice that had been mailed to plaintiff at SOCF was returned to the Clerk by the United States Postal Service marked "Paroled 2-15-15" and "Return to Sender - Attempted - Not Known - Unable to Forward." (Doc. 29).

Defendants allege that dismissal of this lawsuit is warranted based on plaintiff's failure to prosecute the action. Defendants state that plaintiff was released from SOCF on February 15, 2015, after completing his sentence and he has failed to inform the Court of his current address. (Doc. 27 at 2; Exh. 1). Defendants further allege that although plaintiff previously sought and obtained an extension of the discovery deadline to attempt to secure counsel, plaintiff has not updated the Court on his efforts to secure counsel and no attorney has entered an appearance on

his behalf. (*Id*. at 2). Finally, defendants state that plaintiff has not sought discovery from them at any time during the pendency of this litigation. (*Id*.; Exhibit 2, Declaration of Attorney Gene D. Park).

Four factors are relevant to the determination of whether a lawsuit should be dismissed for failure to prosecute: (1) whether the failure to prosecute is due to willfulness, bad faith, or fault; (2) whether the opposing party has been prejudiced by the failure to prosecute; (3) whether the delinquent party was warned that failure to prosecute could lead to dismissal of the action; and (4) whether a less drastic sanction is appropriate. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999)). Applying these factors here leads to the conclusion that dismissal of plaintiff's lawsuit for failure to prosecute is warranted. Plaintiff has failed to keep the Court apprised of his current address, he was warned that failure to respond to the motion to dismiss could lead to dismissal of the action, and defendants would be prejudiced if required to continue to defend this lawsuit despite plaintiff's inaction.

For these reasons, plaintiff's failure to file a response to defendants' motion to dismiss warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. District courts have this power to dismiss civil actions for want of prosecution to "prevent undue delays in the disposition of pending cases and to avoid congestion" in their calendars. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants' motion to dismiss be **GRANTED** and this case be **DISMISSED** for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: <u>May 18, 2015</u>                                         <u>s/ Karen L. Litkovitz</u>
                                                                  Karen L. Litkovitz
                                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES JOHNSON, III,                      Case No. 1:13-cv-921
       Plaintiff,                           Black, J.
                                          Litkovitz, M.J.

      vs.

FAISAL AHMED, et al.,
       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).